IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT R. BISHOP, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-380-CFC |
| SONJA T. WILSON, | : |
| Defendant. | : |

Robert R. Bishop, Millsboro, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 28, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Robert R. Bishop ("Plaintiff") filed this action asserting jurisdiction by reason of a federal question. (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b). Although she has not been served, Defendant Sonja T. Wilson ("Defendant") has filed a motion to dismiss. (D.I. 7)

## II. BACKGROUND

Plaintiff alleges that Defendant, a Family Court Commissioner in and for Sussex County, Delaware, trespassed on his property on December 13, 2018. (D.I. 3 at 4) The Complaint states that Defendant is "administrating property without authorization and without authority." (*Id.* at 9) Plaintiff wishes to have his "property restored back to whole again immediately." (*Id.*)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations"

are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV.  DISCUSSION

The claim fails because judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice.

3

*Mireles v. Waco*, 502 U.S. 9, 11 (1991). Commissioners of the Family Court are entitled to judicial immunity because they perform most of the same functions as a Family Court judge. *Joynes v. Meconi*, 2006 WL 2819762, at n.4 (D. Del. Sept. 30, 2006) (citing 10 Del. C. § 915(c) (each Commissioner appointed by the Governor shall have, among other things, the power to: (1) hear any civil case within the jurisdiction of the Family Court; (2) order the issuance of legal process to compel the attendance of necessary parties and witnesses; (3) administer oaths and affirmations, and take acknowledgments, affidavits and depositions; (4) examine parties and witnesses; (5) accept pleas; (6) enter sentence for criminal felonies; and (7) impose sanctions)).

Judicial immunity can be overcome only if the judge has acted outside the scope of his or her judicial capacity or in the "complete absence of jurisdiction." *Mireles*, 502 U.S. at 11-12. The Complaint contains no allegations that Defendant acted either outside the scope of her judicial capacity or in the complete absence of jurisdiction. Indeed, the only thing conclusory allegation is that Plaintiff's property was taken administratively without authorization and without authority. Finally, the Complaint fails to meet the pleading requirements of *Iqbal* and *Twombly*. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as Defendant is immune from suit.

## V.  CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and based upon Defendant's immunity from suit pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and (2) deny as moot Defendant's motion to dismiss. (D.I. 7)

An appropriate order will be entered.